**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORI COOK, individually, | No. 15-35613 |
| Plaintiff-Appellee, | D.C. No. 3:13-cv-05986-BHS |
| v. | |
| HARRISON MEDICAL CENTER, a Washington nonprofit corporation, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted December 6, 2017
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Harrison Medical Center (Harrison) appeals the district court's denial of its

Rule 50(b) motion for judgment as a matter of law and the subsequent entry of

judgment in favor of Lori Cook (Cook). We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Harrison argues that Cook never had a viable cause of action under the False Claims Act (FCA) because a false claim was never submitted to Medicare. As we have explained, in contrast to a FCA violation claim, the plaintiff in a FCA retaliation claim need only "show that he or she suspected that the defendant submitted a false claim—not that the defendant actually submitted one." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008) (internal citation omitted).

2. Harrison also contends that Cook's suspicions lacked an objectively reasonable basis. Cook has pointed to evidence that the jury could have relied on in finding objective reasonableness, and Harrison's attempts to controvert the evidence fail because we "are not permitted to weigh the evidence again, or to substitute our own judgment for the jury's." *Saavedra v. Korean Air Lines Co., Ltd.*, 93 F.3d 547, 555 (9th Cir. 1996).

3. Finally, Harrison challenges whether Cook had a good faith belief that Harrison was "possibly" committing fraud. *U.S. ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 908 (9th Cir. 2017) (quoting *Moore v. Cal. Inst. of Tech. Jet Propulsion Lab.*, 275 F.3d 838, 845 (9th Cir. 2002)). Reviewing the record as a whole, we are satisfied that Cook's testimony was adequate to sustain the jury's

conclusion that she did.  *First Nat'l Mortg. Co. v. Fed. Realty Inv. Tr.*, 631 F.3d 1058, 1068 (9th Cir. 2011).

For these reasons, we are not convinced that the evidence permits "only one reasonable conclusion" that is "contrary to the jury's verdict." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).

**AFFIRMED.**